## FREEPORT BANK v. MARTIN EGAN ET AL.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
OF ARMSTRONG COUNTY.

Argued October 14, 1891—Decided January 4, 1892.

In an action to recover the amount of a note from defendants who are not
parties to it in any way, if the plaintiff do not show affirmatively that
the note was made by the authority of the defendants for a debt due by
them, it is not error to order a nonsuit.

Before PAXSON, C. J., STERRETT, CLARK, WILLIAMS,
McCOLLUM and MITCHELL, JJ.

No. 282 October Term 1891, Sup. Ct. ; court below, No. 148
June Term 1889, C. P.

On April 4, 1889, a summons in assumpsit was served in the
suit of the Freeport Bank against " Martin Egan, F. S. McCain,
D. O'Neil and John Kirk, trustees or building committee of
the Roman Catholic Church of the borough of Leechburg."
On June 3d, a declaration was filed in the common counts,
having attached thereto the copy of a note dated August 11,
1888, for four hundred dollars, at four months, to the order of
the Freeport Bank ; signed " Thomas McEnrue, pastor of Leech-
burg R. C. Church."   Plea, non assumpsit.

On December 8, 1890, under an order to file a statement
disclosing the precise nature of its demand, the plaintiff filed
a specification that the note in suit was given by Rev. Thomas
McEnrue, pastor, etc., " for money borrowed by him at the re-
quest of the defendants who were the building committee of

said congregation, who promised to pay the same when the note should be due ; that said money was expended about the erection of said church, and said defendants did pay a portion of the money originally borrowed, and promised to pay the balance of the amount of note in suit, but now, contrary to good conscience, refuse to pay the same."

At the trial, on December 16, 1890, the plaintiff having rested after adducing testimony sufficiently indicated in the opinion of the Supreme Court, infra, the court RAYBURN, P. J., on motion of the defendants' attorney, entered a judgment of nonsuit, with leave, etc. ; exception. A rule to show cause why the judgment of nonsuit should not be taken off having been argued, the rule was discharged ; exception. Thereupon, the plaintiff took this appeal, assigning the entry of said judgment and the discharge of said rule, for error.

*Mr. J. A. McCulloch,* for the appellant.

*Mr. James H. McCain,* for the appellees.

OPINION, MR. JUSTICE MITCHELL :

The defendants were not parties to the note on which the action was brought, and prima facie, therefore, were not liable upon it. This circumstance, however, would not of itself be conclusive in their favor, if it were shown that the note was made by their authority for a debt due by them. But it put on the plaintiff the burden of showing affirmatively the liability of defendants for the debt, and the authority of McEnrue to make the note as their agent.

The case rests mainly on the testimony of McEnrue, and careful examination of that fails to show any explicit evidence of authority on the part of the defendants to control him, to direct the raising and expenditure of money, or to make him their agent for that purpose. He calls them, in a general way, the building committee ; but names as the members Anderson, who is not a party to this action ; Egan, who is most frequently and prominently mentioned, but who testified himself that he was not a member ; and McCain. Kirk is not named by McEnrue, unless he be meant by the name Creek ; and O'Neil, the other defendant, is not mentioned by him at all until near

the end of the cross-examination, when he says, "Mr. O'Neil is the name instead of King (whom he had mentioned before); I want to rectify that." The powers and duties of the committee, thus indefinitely individualized, are left equally vague. McEnrue says they "supervised, or were supposed to be in consultation with me," but did not supervise the erection of the church. When he proposed to borrow the money from King, they "overruled or at least advised me to get it at the bank," but left him free "to go there, or get it where I pleased." The committee had no title to the property, which was in the bishop; they did not handle any of the funds; nor does it appear that in fact they raised any of them, the hundred dollars paid on the note in suit being raised by McEnrue "through festivals we had from time to time." In short, notwithstanding the occasional use of ambiguous words, such as instruction, assistance, authority, etc., the fair result of McEnrue's testimony is that the committee was not in charge of the work, or clothed with any duty or power in regard to it, but was merely a shifting, informal body for consultation and advice; while the real power and authority remained with McEnrue, who was the principal throughout as to the debts, including the one in suit.

There was not sufficient evidence, therefore, to justify the jury in finding a verdict against the defendants, and the learned judge was right in directing a nonsuit.

Judgment affirmed.